**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Lonnie Washburn,

          Plaintiffs,

    v.

Mesquite Gaming LLC,

          Defendant.

Case No. 2:24-cv-383-CDS-BNW

**ORDER**

Before the Court is Defendant's Motion to Stay Discovery. ECF No. 43. Plaintiff responded and Defendant replied. ECF Nos. 44 and 45.[1] As explained in more detail below, the Court grants Defendant's motion.

**I.      Background**

Plaintiff alleges that in June 2023 he was discriminated against during his stay at a hotel owned by Defendant. As a result, he brings several claims based on the American with Disabilities Act and related Nevada statutes.

Defendant moves to stay discovery pending the resolution of its motion to dismiss by relying on the "preliminary peek test" for its argument. Defendant argues that the pending motion is dispositive and that it can be decided without additional discovery. It also makes passing references to arguments contained in its motion to dismiss to support its belief that the case will not move forward. Specifically, it argues Plaintiff has not demonstrated standing to bring these claims and that he has not sufficiently alleged facts upon which relief can be granted.

//

//

---

[1] The Court realizes that it misunderstood the Defendant's status report at ECF No. 37 and that the Minute Order at ECF No. 38 directing the parties to file a stipulation regarding a stay of discovery was in error. This issue has been rendered moot given the instant motion.

Plaintiff does not contest that the pending motion to dismiss is potentially dispositive or that it can be decided without additional discovery. Nor does he address the "preliminary peak" test. But, as relevant here, Plaintiff argues that Defendant has not met its burden under Rule 26(c) to stay discovery.

Defendant's reply relies on many of the same arguments contained in its moving papers.

## II.    Legal Standard

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the court is guided by the objectives of Federal Rule of Civil Procedure 1, which ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.,* 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

## III.    Analysis

Here, the Court agrees with Defendant that the pending motion to dismiss is potentially dispositive and that no discovery is needed to resolve it. Moreover, Plaintiff does not contest either proposition.

//

//

1    While the Court has previously found that the preliminary peek test can be problematic,

2    the issues presented here are simple enough that the test can be easily applied. *See Schrader v.*

3    *Wynn Las Vegas*, LLC, 2021 WL 4810324 (D. Nev. Oct. 14, 2021). The court has reviewed the

4    First Amended Complaint and taken a preliminary peek at the merits of the motion to dismiss and

5    is convinced Plaintiff's First Amended Complaint suffers from several deficiencies. As a result,

6    the Court believes he has not asserted claims upon which relief can be granted.

7    First, Title III of the ADA states that "[n]o individual shall be discriminated against on the

8    basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

9    advantages, or accommodations of any place of public accommodation by any person who owns,

10   leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In

11   addition, as it relates to service animals, discrimination is defined in part as "a failure to make

12   reasonable modifications in policies, practices, or procedures, when such modifications are

13   necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to

14   individuals with disabilities ...." 42 U.S.C. § 12182(b)(2)(A)(ii) (2009). But Plaintiff's First

15   Amended Complaint does not contain facts to allege he is disabled.

16   In addition, there are also problems with claims under Nevada state law. For example,

17   claims under NRS §§ 651.070 and 651.075 also require an allegation as to disability. And

18   Nevada's criminal statutes do not generally create a private right of action.

19   In short, there are factual allegations that are currently missing from the First Amended

20   Complaint that are needed to establish the different elements for the alleged claims. The district

21   judge will decide the dispositive motion and may have a different view as to its merits. This

22   court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its

23   outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting

24   discovery . . . . *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597 (D. Nev. 2011).

25   In addition, the court finds that staying the discovery in this case will further the goals

26   enunciated in Federal Rule of Civil Procedure 1 as it would be more just to stay discovery while

27   the issues in the pending motion are resolved.

28   //

**IV.     Conclusion**

        **IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 19) is **GRANTED**.

        **IT IS FURTHER ORDERED** that the hearing set for June 4, 2024 at 10:00 AM is **VACATED**.


        DATED: May 28, 2024


                                                                    _____
                                                                    BRENDA WEKSLER
                                                                    UNITED STATES MAGISTRATE JUDGE